



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FELONY**

BILL OF INFORMATION FOR MAIL FRAUD

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. **16-103** |
| v. | * | SECTION: **SECT. R MAG 3** |
| **JOHN GIBSON** | * | VIOLATIONS: 18 U.S.C. § 1341 |
| | * | |

\* \* \*

The United States Attorney charges that:

### COUNT 1

**A.    THE SCHEME TO DEFRAUD**

1.    Beginning in 2008 and continuing through 2014, defendant, **JOHN GIBSON**, knowingly and willfully devised and intended to devise a scheme and artifice to defraud Y.B., P.B., G.B, S.J. and D.J.  As part of the scheme, **GIBSON** used false and fraudulent pretenses, material misrepresentations, and promises to defraud investors Y.B., P.B., G.B, S.J. and D.J. of monies.

2.    It was further part of the scheme and artifice to defraud that, from 2008 through 2014, **GIBSON** solicited funds from Y.B., P.B., G.B, S.J. and D.J by falsely representing that he would use their funds to establish investment accounts at Metlife and Allianz.  As a result of his

1

\_\_Fee _____
\_\_Process_____
x\_\_Dktd _____
\_\_CtRmDep\_\_\_\_\_
\_\_Doc. No.\_\_\_\_\_

false representations, **GIBSON** received approximately $169,348 in funds from Y.B., P.B., G.B, S.J. and D.J.

3.  It was further part of the scheme and artifice to defraud that, from 2008 through 2014, **GIBSON** fraudulently diverted investor funds from Y.B., P.B., G.B, S.J. and D.J. for his own personal use.

4.  It was further part of the scheme and artifice to defraud that, from 2008 through 2014, **GIBSON** made materially false representations to Y.B., P.B., G.B, S.J. and D.J. and reassured them that their funds were invested for their benefit in accounts at Metlife and Allianz by creating fictitious and fraudulent account statements and sending those statements to Y.B., P.B., G.B, S.J. and D.J.

5.  It was further part of the scheme and artifice to defraud that, from 2008 through 2014, **GIBSON** perpetuated the fraud by sending partial payments back to G.B, S.J. and D.J. to reassure them that their funds were invested for their benefit in accounts at Metlife and Allianz.

B.  **THE USE OF THE UNITED STATES MAIL**

6.  On or about August 13, 2014, in the Eastern District of Louisiana and elsewhere, the defendant, **JOHN GIBSON**, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above and for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly place in an authorized depository for mail, to be sent and delivered by the Postal Service, a money order in the amount of $250 as a fictitious withdrawal from a non-existent Allianz account, in order to hide, conceal, and perpetuate his scheme and artifice to defraud, which resulted in a total loss of approximately $169,348 to his clients.

All in violation of Title 18, United States Code, Section 1341.

## **NOTICE OF FORFEITURE**

1. The allegations of Count 1 of this Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1341 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offense alleged in Count 1, defendant, **JOHN GIBSON**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1341 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
SEAN TOOMEY
Assistant United States Attorney
La. Bar Roll No. 36055

New Orleans, Louisiana
June 8, 2016

No. _____

# United States District Court

FOR THE

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

JOHN GIBSON

BILL OF INFORMATION FOR MAIL FRAUD

VIOLATION: 18 U.S.C. § 1341

Filed _____, 20 16

_____, Clerk.

By _____, Deputy

_____
SEAN TOOMEY
Assistant United States Attorney